675 A.2d 1115

IN THE MATTER OF RICHARD J. RUBIN,
AN ATTORNEY AT LAW.

May 22, 1996.

**ORDER**

The Disciplinary Review Board on January 24, 1996, having filed with the Court its decision concluding that **RICHARD J. RUBIN** of **NEW YORK, NEW YORK,** should be barred from appearing *pro hac vice* in New Jersey tribunals for a period of three years, for misconduct during a previous *pro hac vice* admission before the Office of Administrative Law, that included violation of *RPC* 3.3(a)(1) (making a false statement of material fact to a tribunal), *RPC* 4.1(a)(1) (making a false statement of material fact to a third party), *RPC* 5.5(a) (practicing law in a jurisdiction

when doing so violates the regulation of the legal profession there), *RPC* 8.1(a) (knowingly making a false statement of material fact in connection with a bar admission application), *RPC* 8.1(b) (failure to cooperate with the ethics authorities), *RPC* 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and *RPC* 8.4(d) (engaging in conduct prejudicial to the administration of justice), and good cause appearing;

It is ORDERED that the privilege of **RICHARD J. RUBIN** to apply for admission *pro hac vice* in any cause in any New Jersey tribunal is hereby suspended for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that no application for restoration of respondent's *pro hac vice* privileges be made unless and until respondent is restored to practice in New York, where he is disbarred; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that the Disciplinary Review Board cause this Order to be published in the *New York Law Journal* and in two consecutive issues of a newspaper of general circulation in New York, New York; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.